IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRKO CARREA, | No. C 10-01044 JSW |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT** |
| DREYER'S GRAND ICE CREAM, INC., | |
| Defendant. | |

Defendant Dreyer's Grand Ice Cream, Inc. ("Defendant") moves to dismiss the Second Amended Class Action Complaint. The motion is fully briefed and ripe for decision. The Court finds the motion suitable for resolution without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court grants Defendant's unopposed requests for judicial notice. Doc. Nos. 39, 45. Having considered the parties' papers, the relevant legal authority, and the record in this case, the Court GRANTS Defendant's motion to dismiss. Doc. No. 38.

**BACKGROUND**

Plaintiff Mirko Carrea ("Plaintiff") filed a class action complaint on March 11, 2010, and filed an amended complaint on May 13, 2010. On July 29, 2010, the Court entered an order granting in part Defendant's motion to dismiss the Lanham Act claim. Doc. No. 28. On August 24, 2010, the Court entered an Order Granting Plaintiff's Motion for Reconsideration and Granting Defendant's Motion to Dismiss with leave to amend the claims under California state law.

Plaintiff filed a Second Amended Class Action Complaint ("SAC") on September 14, 2010. The putative class action alleges causes of action for violations of the following state consumer protection laws: (1) Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq.*; (2) False Advertising Law ("FAL"), California Business and Professions Code § 17500, *et seq.*; (3) California Consumer Legal Remedies Act ("CLRA"), California Civ. Code § 1750, *et seq.*; and (4) New York General Business Law § 349. Plaintiff alleges that Defendant misrepresented that its Drumstick ice cream products were "The Original;" "Classic;" and based upon the original 1928 recipe. SAC ¶¶ 9, 23. Plaintiff further alleges that Defendant misrepresented that its Drumstick and Dibs products contained "0 g Trans Fat." SAC ¶ 28. Plaintiff alleges that these statements are misleading and deceptive because they suggest that Defendant's ice cream products are nutritious and healthy, when they actually contain partially hydrogenated oil and high levels of fat. SAC ¶¶ 22-25.

Defendant now moves to dismiss the Second Amended Class Action Complaint.

## LEGAL STANDARD

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

## ANALYSIS

Defendant seeks dismissal of the SAC on several grounds, including failure to state a claim under Rule 8 of the Federal Rules of Civil Procedure, preemption, abstention, lack of standing, failure to state a claim under New York General Business Law § 349, failure to plead fraud claims with particularity, and unavailability of disgorgement as a remedy under the UCL or FAL.

**A.     Standing**

Turning first to standing, the SAC purports to cure deficiencies in standing to raise the state law claims identified in the Court's August 24, 2010 Order. To establish standing under the UCL, FAL and CLRA, a plaintiff must allege that he or she suffered an "injury in fact" and "has lost money or property" as a result of a defendant's alleged conduct. *See* Cal Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780(a). In the Second Amended Complaint, Plaintiff alleges that Defendant charges a premium price for its ice cream products based on the misrepresentations that they contain original ingredients and zero grams of trans fat, compared to similar competing products. SAC ¶ 10. Plaintiff further alleges that he relied on Defendant's misleading and deceptive statements on the packaging of the Drumstick product and purchased Defendant's Original Vanilla Drumstick product for approximately $5.50 on two separate occasions. SAC ¶ 9. Plaintiff alleges that he paid the premium price for Defendant's Drumstick products because he "reached the conclusion that the Products were better than other frozen dessert products and relied upon these representations in making his decision to purchase

the Products" instead of cheaper ice cream products that did not make such misrepresentations. SAC ¶¶ 9, 11.

Accepting as true the allegations that Defendant charged a premium price based on alleged misrepresentations, Plaintiff satisfies the injury in fact requirement for standing to pursue claims related to Defendant's Drumstick products under the UCL, FAL and CLRA. *See Germain v. J.C. Penney Co.*, 2009 WL 1971336, *6 (C.D. Cal. July 6, 2009) (citing *Hall v. Time*, 158 Cal. App. 4th 847, 854 (2008)). Because Plaintiff alleges that the Drumstick products cost more than similar products without the alleged misrepresentations, the SAC sufficiently alleges some economic injury to satisfy the loss of money or property requirement for standing under the UCL, FAL and CLRA.[1] *Cf. Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1591-92 (2008) (absent an allegation that plaintiffs could have bought same insurance for lower price, plaintiffs could not show actual economic injury).

Though Defendant does not raise a challenge to standing under Article III on the present motion to dismiss, the Court is satisfied at this juncture that the SAC sufficiently alleges an actual injury in fact that is concrete and particularized as to the Drumstick products. *See Birdsong v. Apple, Inc.,* 590 F.3d 955, 960 n.4 (9th Cir. 2009). *See also Chavez v. Blue Sky Natural Beverage Co.,* 340 Fed. Appx. 359, 361-62 (9th Cir. 2009). Plaintiff has not, however, alleged that he purchased Defendant's Dibs products or otherwise suffered any injury or lost money or property with respect to those products. Any claims as to the Dibs products are therefore dismissed without prejudice for lack of standing. *See Johns v. Bayer Corp.*, 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) (plaintiff "cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon").

**B. Preemption**

Defendant challenges Plaintiff's state law claims on the ground that they impose labeling requirements relating to statements regarding trans fat content that are "not identical

---

[1] The Court notes that the question of whether consumers lose money or property when purchasing a product with false labeling for the purpose of establishing standing under the UCL is presently before the California Supreme Court in *Kwikset Corp. v. Superior Court (Benson)*, No. S171845. The decision of the Court of Appeal was previously published at 171 Cal. App. 4th 645 (2009), review granted June 10, 2009.

4

to" the requirements set forth in regulations promulgated by the Food and Drug Administration ("FDA") and are therefore expressly preempted pursuant to the Federal Food, Drug and Cosmetic Act ("FDCA"), as amended by the Nutrition Labeling and Education Act ("NLEA"), 21 U.S.C. § 343-1(a)(4), (a)(5). Defendant contends that the trans fat content stated in the Nutrition Facts box of the product packaging is expressly required by 21 C.F.R. § 101.9(c)(2)(ii), which provides as follows:

> A statement of the number of grams of trans fat in a serving . . . is not required for products that contain less than 0.5 gram of total fat in a serving if no claims are made about fat, fatty acid or cholesterol content. . . . If the serving contains less than 0.5 gram, the content, when declared, shall be expressed as zero.

Defendant further contends that the "0g Trans Fat" statement on the product packaging is expressly permitted under 21 C.F.R. § 101.13(i)(3), which permits a statement about the amount or percentage of a nutrient if "[t]he statement does not in any way implicitly characterize the level of the nutrient in the food and it is not false or misleading in any respect (e.g., "100 calories" or "5 grams of fat"), in which case no disclaimer is required."

Several recent District Court decisions have held that claims based on statements concerning nutrient content, or using terms that the FDA has defined or permitted, are preempted by the federal regulatory statute. *See Red v. Kraft Foods, Inc.*, – F.Supp.2d —, 2010 WL 5000717 (C.D. Cal. Nov. 18, 2010) (discussing earlier ruling that labeling claims of "no cholesterol" and specific quantities of "whole" grain were preempted); *Chacanaca v. The Quaker Oats Co.*, – F.Supp.2d —, 2010 WL 4055954 (N.D. Cal. Oct. 14, 2010); *Red v. The Kroger Co.*, 2010 WL 4262037, *4-5 and n.4 (C.D. Cal. Sept. 2, 2010) (state law claims preempted where it was undisputed that the phrase "0g Trans Fat" was a nutrient content claim subject to 21 U.S.C. § 343(r)). In *Chacanaca*, Judge Seeborg considered state law claims based on "0 Grams Trans Fat" statements on the labeling for granola bars. After conducting a thorough, reasoned analysis, Judge Seeborg held that the statements about trans fat content were expressly preempted by the preemption provisions of 21 U.S.C. § 343-1. *Chacanaca*, 2010 WL 4055954, *6-7.

5

In *Chacanaca*, the Court determined that section 343-1(a)(5) "preempts state or local governments from imposing any requirement on nutrient content claims made by a food purveyor 'in the label or labeling of food that is not identical to the requirement of section 343(r).'" *Id*. at *5. Section 343(r) governs any statement about nutrient content or health information that a manufacturer chooses to include on a food label or package, that is, a claim that "expressly or by implication . . . characterizes the relationship of any nutrient required by [section 343(q)(1) or (2)] to be in the label." 21 U.S.C. § 343(r)(1). An accompanying regulation further provides that "[i]f such information is declared elsewhere on the label or in labeling, it is a nutrient content claim and is subject to the requirements for nutrient content claims." 21 C.F.R. § 101.13(c). *See Chacanaca*, 2010 WL 4055954, *4.

Plaintiff does not dispute that federal regulations require trans fat disclosures in the Nutrition Facts box, or that the regulations permit, though not require, trans fat statements to be on the front panel of the label. Pl's Opposition to Def's Mot. to Dismiss SAC ("Opp.") at 11. Plaintiff contends, however, that his claims are not preempted because he does not allege that Defendant's nutritional disclosure statements on the products' nutrition label are false and misleading, but rather that the "0g Trans Fat" statements displayed on the product packaging and in marketing materials are false and misleading as allegedly determined by the FDA. Opp. at 9-10; SAC ¶ 28. Accepting as true Plaintiff's allegations that the FDA issued a warning letter to Defendant that the trans fat content claims "can be misleading," SAC ¶ 29, the distinction between Nutrition Facts and statements made on product packaging does not remove Plaintiff's claims from the preemptive scope of the federal regulations because the "0g Trans Fat" statement on the Drumstick packaging is an express nutrient content claim governed by § 343(r) and the regulations promulgated by the FDA. *Chacanaca*, 2010 WL 4055954, *4-5. Here, the allegedly misleading "0g Trans Fat" statement appears on the front of the Drumsticks package, outside the Nutrition Facts box. Similarly, in *Chacanaca*, the "0 grams trans fat" statement at issue appeared on the side label of the granola bar box, outside the nutrition box. Judge Seeborg held that this trans fat statement was an express nutrient content claim, defined as "any direct statement about the level (or range) of a nutrient in the food" by 21 C.F.R. § 101.13(b)(1). *Chacanaca*, 2010 WL 4055954, *5. Adopting

6

1 the reasoning of *Chacanaca*, the Court concludes that the "0g Trans Fat" statement on Defendant's
2 Drumsticks packaging, outside the Nutrition Facts box, is a nutrient content claim subject to the
3 express preemption provision of the NLEA, 21 U.S.C. § 343-1(a).

4 Because the Court determines that the claims based on the "0g Trans Fat" statements are
5 preempted by federal law, the Court need not reach the question of abstention raised by
6 Defendant's motion to dismiss.

**C.     Sufficiency of Allegations**

8 Turning next to the sufficiency of the remaining allegations as to the Drumsticks products
9 to state a claim for relief, Defendant contends that the SAC fails to set forth a plausible claim for
10 relief so as to satisfy Rule 8's requirement of a "short and plain statement of the claim showing that
11 the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Plaintiff alleges that the "Original,"
12 "Classic" and "0g Trans Fat" statements on the Drumsticks packaging would lead members of the
13 public to conclude that Drumsticks were more wholesome and healthy than other frozen desserts
14 that did not make such claims. Opp. at 6-7. As Plaintiff has no standing to raise claims about the
15 Dibs products, the Court need not reach the sufficiency of the allegations concerning the Dibs
16 products. Furthermore, because the alleged misrepresentations about Dibs products are limited to
17 the "0g Trans Fat" statements about trans fat content, those state law claims as to Dibs products are
18 dismissed as preempted by federal law, as discussed above. Having determined that the claims
19 about the statements about trans fat content are preempted by federal law, the Court proceeds to
20 determine whether the allegations about "Original" and "Classic" statements, which appear only
21 on the Drumsticks packaging, are sufficient to state a claim as to the Drumsticks products.

22 False advertising and unfair or fraudulent business practices claims under the UCL, FAL
23 or CLRA are governed by the "reasonable consumer" test. *Williams v. Gerber Products Co.*, 552
24 F.3d 934, 938 (9th Cir. 2008) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir.1995)).
25 Under the reasonable consumer standard, a plaintiff must "show that members of the public are
26 likely to be deceived." *Id*. (quotation marks and citations omitted). Generally the question whether
27 a business practice is deceptive is an issue of fact not appropriate for decision on a motion dismiss.
28

7

1 However, dismissal of such claims is appropriate where the plaintiff fails to show the likelihood that a reasonable consumer would be deceived. *Freeman*, 68 F.3d at 289-90.

Plaintiff contends that the "Original" and "Classic" statements on the Drumsticks packaging would lead members of the public to conclude that Drumsticks were more wholesome and healthy than other frozen desserts that did not make such claims. Opp. at 6-7. Such an inference is unreasonable in the absence of statements on the packaging that made claims that the Drumsticks were nutritious, "wholesome," or "healthy;" were made according to an original or classic recipe; or would otherwise mislead a reasonable consumer to believe that Drumsticks were made with all natural ingredients. *Cf. Williams*, 552 F.3d at 939 (reversing dismissal of UCL and CLRA claims over fruit juice snacks packaged with pictures of fruits and statements that the product was made with "fruit juice and other all natural ingredients").

To support his claims that the Drumsticks packaging contains false and misleading statements, Plaintiff refers to statements on the side of the packaging explaining how in 1928, the "Drumstick ice cream novelty was born!" SAC ¶ 24. Nowhere does Plaintiff allege that the Drumsticks packaging claims to use the same ingredients or recipe used in 1928 to invent the first Drumstick, nor is there an allegation that the Drumsticks claim to be made of all natural or wholesome ingredients. *Cf. Chacanaca*, 2010 WL 4055954, *11 (denying motion to dismiss as to "wholesome" statement on product packaging). Unlike the alleged misrepresentations about "original formula" Coke at issue in *Kremers v. Coca-Cola Co.*, 2009 WL 2365613 (S.D. Ill. July 24, 2009), the "Original" and "Classic" statements on the Drumsticks packaging do not refer to a particular formula or recipe so as to suggest that the product is made with natural or wholesome ingredients. On the face of the Drumstick packaging itself, it appears that the statement "ARTIFICIALLY FLAVORED" is placed next to the word "Vanilla" and under the allegedly misleading statement, "The *Original.*" SAC, Ex. A; Def's Req. for Judicial Notice, Ex. A. Having reviewed the product packaging itself, the court concludes as a matter of law that a reasonable consumer would not likely be deceived by the Drumsticks packaging to believe that the products are made of the original ingredients of the 1928 recipe, as Plaintiff alleges. SAC ¶ 27.

1  *See Brockey v. Moore*, 107 Cal. App. 4th 86, 100 (2003) ("the primary evidence in a false
2  advertising case is the advertising itself").

3  As the Ninth Circuit noted in *Williams*, a claim on the packaging at issue there that the
4  snacks were "nutritious," if it were standing on its own, could arguably constitute puffery because
5  nutritiousness can be difficult to measure concretely. 522 F.3d at 939 n.3. Similarly, statements
6  that the Drumsticks products are "Classic" or "Original," without specific claims about content or
7  ingredients, are generalized statements that would not mislead a reasonable consumer into thinking
8  that these ice cream products are wholesome or healthy. Unlike the packaging at issue in *Williams*,
9  which claimed that the product was made with "fruit juice and other all natural ingredients," the
10 statements on the Drumsticks packaging, taken as a whole, do not suggest to a reasonable consumer
11 that the product contains natural ingredients or is otherwise more healthful than other ice cream
12 products. *See Werberl v. Pepsico, Inc.*, 2010 WL 2673860 (N.D. Cal. July 2, 2010) (granting
13 motion to dismiss where "no reasonable consumer would be deceived into believing that Cap'n
14 Crunch 'has some nutritional value derived from fruit'"). *See also Videtto v. Kellogg USA*, 2009
15 WL 1439086 (E.D.Cal. May 21, 2009) (granting motion to dismiss UCL, FAL and CLRA claims
16 about Froot Loops where the packaging made no claim that the product is particularly nutritious
17 or designed specifically to meet the nutritional needs of toddlers or children, distinguishing
18 *Williams*).

19 Accepting the factual allegations in the SAC as true and drawing all reasonable inferences
20 in favor of Plaintiff, the Court determines that Plaintiff fails to establish a claim under that UCL,
21 FAL or CLRA that a reasonable consumer would likely be deceived into believing that Drumsticks
22 ice cream products are more wholesome or healthful than other frozen dessert based on the alleged
23 misrepresentations that those products are "Original" and "Classic." The Court therefore grants
24 Defendant's motion to dismiss the First, Second and Third Causes of Action. The claims are
25 dismissed without leave to amend because Plaintiff has twice amended his claims, and further
26 amendment would be futile.

27 Because the state law claims are dismissed for failure to state a claim, the Court need not
28 reach the question raised by Defendant's motion whether the allegations satisfy Rule 9(b) of the

9

1 Federal Rules of Civil Procedure. Nor does the Court reach the issue of remedies available under
2 the UCL or FAL.

**D.    Dismissal of Claim Under New York Law**

The fourth cause of action SAC alleges a claim arising under New York General Business Law § 349 that was not alleged in either the original complaint or the first amended complaint. Plaintiff did not seek leave of the Court to amend the complaint to include this new claim. Pursuant to Rules 12(f)(1) and 15(a)(2) of the Federal Rules of Civil Procedure, the Court strikes the Fourth Cause of Action from the SAC and dismisses that claim without prejudice. The alleged misrepresentations underlying Plaintiff's new claim for deception business practices under the New York General Business Law are identical to those found insufficient to support Plaintiff's claims under California state law for unfair or fraudulent business practices and false advertising. *See Ackerman v. The Coca-Cola Co.*, 2010 WL 2925955, *22-23 (E.D.N.Y. July 21, 2010) (considering allegations in support of UCL claims to support allegation of reliance on false advertising under GBL § 349). Because it appears that amendment would be futile, the claim under Section 349 of the General Business Law is dismissed without leave to amend.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss the Second Amended Class Action Complaint. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 10, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

10